Beth S. Rose, Esq.
William R. Stuart III, Esq.
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Phone: (973) 643-7000
Facsimile: (973) 643-6500
E-mail: brose@sillscummis.com
E-mail: wstuart@sillscummis.com
*Attorneys for Defendants Amazon.com, Inc.,*
*Amazon.com LLC, Amazon.com Services, Inc.,*
*Amazon.com Services, LLC, and Amazon.com Fulfillment Services, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER MUCCI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON.COM, AMAZON.COM LLC, AMAZON.COM SERVICES, INC., AMAZON.COM SERVICES, LLC, AMAZON.COM FULFILLMENT SERVICES, INC., AMAZON.COM DISTRIBUTION CENTER, KENASHII, L.L.C., KENASHII CORPORATION, CHROMATEK LTD A MEDIUM-SIZED SELLER ON AMAZON'S NORTH AMERICA MARKETPLACES UNDER THE BRANDS CHROMATEK, ABC CORPORATIONS 1-10, and JOHN DOES 1-10 (Names being fictious as true identities are unknown),<br><br>　　　　Defendants. | Civil Action No. _____<br><br><br><br>**NOTICE OF REMOVAL**<br><br>*(Document Electronically Filed)* |

**TO:　THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
　　　COURT FOR THE DISTRICT OF NEW JERSEY**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446(a), Defendants Amazon.com, Inc., Amazon.com LLC, Amazon.com Services, Inc., Amazon.com Services, LLC, and Amazon.com Fulfillment Services, Inc. (collectively the "Amazon Defendants"),[1] hereby remove the above-captioned action from the New Jersey Superior Court, Law Division, Hudson County (the "State Court action"), to the United States District Court for the District of New Jersey, Newark Vicinage. In support of removal, the Amazon Defendants state as follows:

## I.    INTRODUCTION

1.    This is a products liability action arising from alleged injuries Plaintiff sustained from a nose wax kit that he purchased from a third-party seller on Amazon.com. (*See* Compl. ¶¶ 1-2, 13, attached hereto).

2.    On September 23, 2024, Plaintiff Alexander Mucci filed this civil action captioned *Alexander Mucci v. Amazon.com, Inc., et al.*, Docket No. HUD-L-003532-24 in the New Jersey Superior Court, Law Division, Hudson County (the "State Court action"). (*See id.*).

## II.    THE CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

3.    This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332(a) had Plaintiff filed this action initially in federal court. Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[1] Amazon.com LLC, Amazon.com Services, Inc., and Amazon.com Fulfillment Services, Inc. are improperly named as separate defendants. In addition, Amazon.com and Amazon.com Distribution Center are fictitious and/or nominal parties because they are not legal entities.

**A.      Complete Diversity Exists Between the Plaintiff and Defendants**

4.      Diversity of citizenship exists where an action "is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

5.      An individual's citizenship, for purposes of diversity jurisdiction, is determined by his domicile, *i.e.,* "his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014) (citations omitted). On information and belief, at all relevant times, Plaintiff resided with physical presence and maintained his permanent home and place of habitation in New Jersey, with the intent to remain there indefinitely. (*See* Compl. ¶ 3). Therefore, Plaintiff's domicile was in New Jersey, and Plaintiff is a citizen of New Jersey for purposes of diversity jurisdiction.

6.      Defendant Amazon.com, Inc. is a corporation. For purposes of diversity, a corporation is a citizen of the state in which it was incorporated and of the state in which it maintains its principal place of business. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing 28 U.S.C. § 1332(c)). A corporation's "principal place of business" means the "actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Amazon.com, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business in Seattle, Washington. Therefore, Amazon.com, Inc. is a citizen of Delaware and Washington. *See* § 1332(c)(1).

7.      Defendant Amazon.com LLC was a limited liability company. For diversity purposes, "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Co.*, 592 F.3d at 420. Amazon.com LLC merged into Amazon Fulfillment Services, Inc. on January 1, 2018. Before the merger, Amazon.com LLC had one member, Amazon

Corporate LLC. Amazon Corporate LLC's sole member was Amazon Global Resources, LLC. Amazon Global Resources, LLC's sole member was Amazon Fulfillment Services, Inc. Amazon Fulfillment Services, Inc., which changed its name to Amazon.com Services, Inc., was a corporation organized under the laws of Delaware with its principal place of business in Washington. On January 16, 2020, Amazon.com Services, Inc. converted to Amazon.com Services, LLC. The sole member of Amazon.com Services, LLC is Amazon.com Sales, Inc., which is a Delaware corporation with its principal place of business in Washington. Therefore, Amazon.com LLC is a citizen of Washington and Delaware for the purposes of diversity jurisdiction.

8.    As noted above, Defendant Amazon.com Services, Inc. was a corporation organized under the laws of the state of Delaware with its principal place of business in Seattle, Washington. Therefore, Amazon.com Services, Inc. is a citizen of Washington and Delaware for purposes of diversity jurisdiction.

9.    Additionally, and as noted above, Defendant Amazon.com Services, LLC is a limited liability company whose sole member is Amazon.com Sales, Inc., which is a corporation organized under the laws of the state of Delaware with its principal place of business in Seattle, Washington. Therefore, Amazon Services, LLC is a citizen of Washington and Delaware for purposes of diversity jurisdiction.

10.    As further noted above, Defendant Amazon Fulfillment Services, Inc., which has changed its name to Amazon.com Services, Inc., was a corporation organized under the laws of Delaware with its principal place of business in Washington. Amazon.com Services, Inc. then converted to Amazon.com Services, LLC, which is a citizen of the state of Washington and the

4

state of Delaware. Amazon Fulfillment Services, Inc. is therefore a citizen of the state of Washington and the state of Delaware for the purposes of diversity jurisdiction.

11.     Defendants Amazon.com and Amazon.com Distribution Center are fictitious and/or nominal parties because they are not legal entities and should be disregarded for the purposes of removal. *See* 28 U.S.C. § 1441(b)(1); *Barker v. Tyson Foods, Inc.*, No. 21-223, 2021 WL 5184074, at *3 (E.D. Pa. Nov. 4, 2021) (noting that a trade name is a nominal party that has no bearing on whether diversity exists); *Watts v. Embassy Suites by Hilton Phila. Airport*, No. 21-1307, 2021 WL 3022441, at *2 (E.D. Pa. Jul. 15, 2021) (same); *Kenney v. Strauss Troy Co., LPA*, No. 16-208, 2017 WL 2457152, at *2 (E.D. Ky. June 6, 2017) ("Although Strauss Troy PSC is not a 'fictitious name' like John Doe, it is fictitious in the sense that Strauss Troy PSC is not a legal entity separate from Strauss Troy LPA. For that reason, too, Strauss Troy PSC must be disregarded for the purposes of analyzing diversity jurisdiction.").

12.     According to the Wyoming Secretary of State, Business Division's website, Kenashii, LLC is a limited liability company formed and existing under the laws of the state of Wyoming. (*See* Declaration of William R. Stuart III ¶ 2 [hereinafter Stuart Decl.]; Stuart Decl. Ex. A). According to Kenashii, LLC's Articles of Organization, Kenashii, LLC has a registered agent located in the state of Wyoming. (Stuart Decl. ¶ 3; Stuart Decl. Ex. B).

13.     Despite a diligent search, information regarding the members of Kenashii, LLC is not publicly available. (Stuart Decl. ¶¶ 4-5). The Articles of Organization and Certificate of Formation, filed with the Wyoming Secretary of State on February 14, 2022, do not identify the members of Kenashii, LLC. (Stuart Decl. ¶ 3; Stuart Decl. Ex. B). Moreover, LexisNexis's company investigator database does not identify any members of Kenashii, LLC. (Stuart Decl. ¶ 4; Stuart Decl. Ex. C). The only publicly-available business address for Kenashii, LLC is 1309

5

Coffeen Avenue, Ste 1200, Sheridan, WY 82801, *id.*, and there is no publicly-available information to suggest that any members of Kenashii, LLC reside in New Jersey – the same state as Plaintiff. Therefore, on information and belief, Kenashii, LLC is not a citizen of New Jersey for purposes of diversity jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015) (when alleging the citizenship of an LLC, parties may allege, upon information and belief, that the LLC's members are not citizens of the same state as plaintiff).

14.   Upon information and belief, Chromatek Ltd. is merely a trade name or brand name used by Kenashii, LLC. Trade names and brand names are not legal entities capable of being sued and therefore, are disregarded for purposes of determining whether diversity of citizenship exists. *See Barker*, 2021 WL 5184074, at *3; *Watts*, 2021 WL 3022441, at *2.  Accordingly, Chromatek Ltd. is a fictitious and/or nominal party that can be disregarded for purposes of determining whether diversity of citizenship exists.

15.   Because Plaintiff is a citizen of a different state than each of the Amazon Defendants and of Defendant Kenashii, LLC, complete diversity exists. 28 U.S.C. § 1332(a)(1).

**B.   The Amount in Controversy Exceeds $75,000**

16.   The amount-in-controversy requirement established by 28 U.S.C. § 1332(a) is $75,000 exclusive of interest and cost.

17.   "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC. v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

18.   Here, the Complaint alleges that Plaintiff suffered "severe burns and injuries" when the Kenashii Nose Wax Kit exploded and ejected hot wax and fragments onto his hands and arms.

(Compl. ¶ 13). The Complaint describes Plaintiff's injuries as "severe" and "serious." (*Id.* ¶¶ 13, 45).

19.     Although the Complaint does not demand a specific dollar amount in damages, the allegedly "severe" and "serious" nature of the alleged injuries plausibly indicates that the matter in controversy exceeds $75,000. *See Morales v. Family Dollar, Inc.*, No. 18-3758, 2018 WL 3656166, at *4 (D.N.J. Aug. 2, 2018) (denying plaintiff's motion to remand contesting the amount-in-controversy requirement where plaintiff alleges severe and permanent personal injuries); *Fields v. Zubkov*, No. 08-2016, 2008 WL 4447098, at *4 (D.N.J. Sept. 8, 2008) ("[M]ost removed personal injury cases will likely remain in federal court even if they involve a very minor injury – unless the plaintiff limits her damages below the jurisdictional limit.").

20.     Accordingly, removal here is appropriate.

## III.     COMPLIANCE WITH OTHER STATUTORY REQUIREMENTS

### A.     Timeliness

21.     In accordance with 28 U.S.C. § 1446(b)(1), a notice of removal "shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading" or "within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Notwithstanding the statutory language, the 30-day removal period is only triggered after "formal service" of an initial pleading. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999); *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222–23 (3d Cir. 2005).

22.     Plaintiff's Affidavits of Service, which were filed in the State Court action on November 13, 2024, assert that Plaintiff served each of the named Amazon Defendants on

November 11, 2024 by personally serving the Complaint on Amazon's registered agent in New Jersey, Corporate Service Company ("CSC"), at Princeton South Corporate Center, 100 Charles Ewing Boulevard, Suite 160, Ewing, NJ 08628.

23.    CSC, however, is the registered agent only for Amazon.com Services, LLC. Accordingly, Plaintiff's November 11 method of service was only effective as to on Amazon.com Services, LLC (*See* Stuart Decl. ¶ 7; Stuart Decl. Ex. D).

24.    In any event, this Notice of Removal is being filed within 30 days of Amazon.com Services, LLC being served with the Summons and Complaint. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

**B.    Consent to Removal**

25.    To date, Plaintiff's counsel has not filed Affidavits of Service in the State Court action indicating that the other defendants were served with service of process. Because the other defendants have not been served, they "need not consent to removal." *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009).

26.    Pursuant to 28 U.S.C. § 1446(b)(2), the Amazon Defendants consent to removal.

**IV.    VENUE**

27.    The United States District Court for the District of New Jersey, Newark Vicinage is the United States District Court and vicinage embracing the New Jersey Superior Court, Hudson County where this action was filed and is pending. Therefore, venue is proper in the United States District Court for the District of New Jersey, Newark Vicinage under 28 U.S.C. § 1441(a).

## V.    NOTICE TO THE STATE COURT

28.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served on all parties and filed with the New Jersey Superior Court, Law Division, Hudson County, where this case was originally filed and is currently pending.

## VI.    NON-WAIVER OF DEFENSES

29.    The Amazon Defendants expressly reserve all of their defenses. By removing the action to this Court, the Amazon Defendants do not waive any rights or defenses available under federal or state law, and expressly reserve the right to move for dismissal of the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim against the Amazon Defendants or have any substantive merit.

30.    Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

WHEREFORE, Defendants Amazon.com, Inc., Amazon.com LLC, Amazon.com Services, Inc., Amazon.com Services LLC, and Amazon.com Fulfillment Services, Inc. respectfully request that this action be removed to the United States District Court for the District of New Jersey, Newark Vicinage and that no further proceedings be held in the New Jersey Superior Court, Law Division, Hudson County.

Dated: December 11, 2024

Respectfully submitted,

/s/ *William R. Stuart III*
Beth S. Rose
William R. Stuart III
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102

9

Telephone: (973) 643-7000
Facsimile: (973) 643-6500
brose@sillscummis.com
wstuart@sillscummis.com
*Attorneys for Defendants Amazon.com, Inc.,*
*Amazon.com LLC, Amazon.com Services,*
*Inc., Amazon.com Services, LLC, and*
*Amazon.com Fulfillment Services, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 11, 2024, I caused a copy of the within Notice of Removal to be served via e-mail on the following counsel:

Christopher P. Gargano, P.C.
295-299 Newark Avenue
Jersey City, NJ 07302
*Attorneys for Plaintiff*

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

<u>/s/ *William R. Stuart III*</u>
WILLIAM R. STUART III

Dated:  December 11, 2024

**CHRISTOPHER P. GARGANO, P.C.**
Certified Civil Trial Attorney
Attorney ID#0000601986
295-299 Newark Avenue
Jersey City, New Jersey 07302
T.  (201) 653-6166
F.  (201) 653-9352
Attorneys for Plaintiff(s):  ALEXANDER MUCCI

| | |
|---|---|
| ALEXANDER MUCCI,<br><br>Plaintiff<br><br>vs.<br><br>AMAZON.COM, INC.,<br>AMAZON.COM<br>AMAZON.COM LLC<br>AMAZON.COM SERVICES, INC.<br>AMAZON.COM SERVICES LLC.<br>AMAZON.COM FULFILLMENT<br>SERVICES, INC.<br>AMAZON.COM DISTRIBUTION<br>CENTER<br>KENASHII, L.L.C.<br>KENASHII CORPORATION,<br>CHROMATEK LTD A MEDIUM-SIZED<br>SELLER ON AMAZON'S NORTH<br>AMERICA MARKETPLACES UNDER<br>THE BRANDS OF <u>CHROMATEK</u><br>ABC CORPORATIONS 1-10, and<br>JOHN DOES 1-10 (Names being fictitious<br>as true identities are unknown),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – HUDSON COUNTY<br><br>DOCKET NO.<br><br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND,<br>DESIGNATION OF TRIAL ATTORNEY,<br>DEMAND FOR ANSWERS FOR FORM C<br>& C(2) INTERROGATORIES, DEMAND<br>FOR DISCOVERY & CERTIFICATION** |

Plaintiff, ALEXANDER MUCCI, residing at 235 Monroe Street Apt #4, Hoboken, New

Jersey by way of Complaint against Defendants AMAZON.COM, INC.,AMAZON.COM

AMAZON.COM LLC AMAZON.COM SERVICES, INC. AMAZON.COM SERVICES LLC.

1

AMAZON.COM FULFILLMENT SERVICES, INC., AMAZON.COM DISTRIBUTION CENTER. KENASHII, L.L.C. KENASHII CORPORATION, ABC Corporations 1-10, and John Does 1-10, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from injuries sustained by Plaintiff, John Mucci, due to a defective and dangerous product—specifically, the Kenashii Nose Wax Kit—designed, manufactured, marketed, distributed, and sold by Defendants Kenashii, LLC, Amazon.com, Inc., Amazon.com Services, LLC, and Amazon.com Fulfillment Services, Inc.and Amazon.com Distribution Center and/or Chromatek LTD, a described Medium-Sized Seller on Amazon.com's North America Marketplaces under the brand of Chromatek . Upon information and belief the product identification is Part KEN001 Amazon assignment number is B076XTJFPY sold by Chromatic LTD.

2. Plaintiff asserts claims under the New Jersey Product Liability Act (N.J.S.A. 2A:58C-1 et seq.), the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.), and other applicable state laws.

## PARTIES

3. **Plaintiff John Mucci** is an adult individual residing at 235 Monroe Street Apt #4, Hoboken, New Jersey

4. **Defendant Kenashii, LLC a.k.a Kenashi Corporation ("hereinafter referred to as "Kenashii')** is a limited liability company organized under the laws of the State of Wyoming, with its principal place of business located at 1309 Coffeen Avenue, Ste 1200, Sheridan, WY 82801.

2

5. **Kenashii** designed, manufactured, marketed, distributed, and sold the **Kenashii Nose Wax Kit.**

6. **Defendant Amazon.com, Inc.** is a Delaware corporation with its principal place of business located at 410 Terry Ave N, Seattle, WA 98109. Amazon.com, Inc. is the parent company of **Amazon.com Services, LLC, and Amazon.com Fulfillment Services, Inc., Amazon.com Distribution Center** and is engaged in the business of selling and distributing products, including the **Kenashii Nose Wax Kit,** to consumers in New Jersey and throughout the United States. Amazon.com, Inc. operates a distribution center located in Teterboro, New Jersey.

7. **Defendant Amazon.com Services, LLC** is a Delaware limited liability company with its principal place of business located at 410 Terry Ave N, Seattle, WA 98109. **Amazon.com Services, LLC** provides various operational services, including customer support and logistics, for the sale and distribution of products such as the Kenashii Nose Wax Kit.

8. **Defendant Amazon.com Fulfillment Services, Inc.** a.k.a **Amazon Fulfillment Center a.k.a Amazon Distribution Center** is/are a Delaware corporation(s) with its principal place of business located at 410 Terry Ave N, Seattle, WA 98109 and are responsible for warehousing, packaging, shipping and delivering the **Kenashii Nose Wax Kit** to consumers, including Plaintiff John Mucci, and operates out of a distribution center in Teterboro, New Jersey and various other locations in New Jersey.

9. **All of the above named Amazon Companies for brevity purposes are hereinafter collectively referred to as "AMAZON."**

3

10. Defendant **Chromatek Ltd.** is a Seller listed and displaced on **Amazon's North America Marketplaces** under the brands of Chromatek and on information and belief is located in Japan and/or The Old Forge 17A St John Street. Wells, BA51SW, Great Britain and through its partner, agent, servant, contractor **Kenashi and Amazon** designed, manufactured, marketed, distributed, and sold the **Kenashii Nose Wax Kit** through the e-commerce platform known as Amazon.com.

11. Defendants **John Does 1-10 and ABC Co's** are fictitious names for individuals or entities whose identities are presently unknown to Plaintiff, but who may be responsible for the design, manufacture, distribution, or sale of the **Kenashii Nose Wax Kit** or who had anything to do with the product and/or component parts which resulted in Plaintiff's injuries.

12. Defendant **Chromatek Ltd.** is a Seller On Amazon's North America Marketplaces under the brands Of Chromatek and on information and belief is located in Japan and/or The Old Forge 17A  St John Street. Wells, BA51SW, Great Britain.

## FACTUAL ALLEGATIONS

13. On or about October 9, 2022 Plaintiff John Mucci who had purchased **a Kenashii Nose Wax Kit identified as Part KEN001 with an Amazon.com assignment number of B076XTJFPY sold by CHROMATIC LTD** through the **Amazon.com** website and while following the instructions provided by Defendant **Kenashii** melted the wax in a container included with the Kenashii Nose Wax Kit. As the wax heated, the  container exploded, ejecting hot wax and  fragments onto Plaintiff's hands and arms, causing severe burns and injuries.

4

15. The Kenashii Nose Wax Kit was defectively designed, manufactured, and marketed, making it unreasonably dangerous for its intended use.

16. At no time was Plaintiff aware of the defective condition of the product or the potential dangers posed by the use of the Kenashii Nose Wax Kit.

17. The Kenashii Nose Wax Kit was defectively designed, manufactured, and marketed, making it unreasonably dangerous for its intended use. The defects in the product included, but were not limited to, the use of a container that was not suitable for heating wax, as well as defective component parts, such as the wax itself, the applicators, and other materials included in the kit that contributed to the explosion and resulting injuries.

18. The defective component parts of the Kenashii Nose Wax Kit, including the container, wax, and other materials, failed to perform safely during their expected and intended use, resulting in the explosion of wax onto the plaintiff's hands and arms resulting in severe burn injuries to Plaintiff.

19. Defendants failed to ensure that the Kenashii Nose Wax Kit and its component parts met reasonable safety standards, and as a result, Plaintiff was exposed to significant risk and harm resulting in severe burn injuries to Plaintiff.

20. At no time was Plaintiff aware of the defective condition of the product or the potential dangers posed by the use of the Kenashii Nose Wax Kit and its component parts, including the risks associated with the product and its defective component parts.

21. Additionally, the instructions provided with the product were grossly inadequate and failed to account for the risks associated with reheating the wax multiple times. For example, the instructions did not warn users that as the wax level decreases with each use, the time required to reheat the wax also decreases, which could lead to overheating

and potential explosions. Plaintiff, having used the product six times prior to the accident, was not warned about these changing conditions and the corresponding need to adjust the reheating process. This oversight in the instructions was a major contributing factor to the explosion that caused Plaintiff's severe injuries.

## FIRST COUNT – STRICT PRODUCT LIABILITY (DESIGN DEFECT)

22. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

23. The Kenashii Nose Wax Kit was defectively designed, as the design of the container for heating wax rendered the product unreasonably dangerous for its intended use.

24. Defendants knew or should have known that the design of the product was defective and could cause serious injuries, including burns and scalds, if the container exploded while heating the wax.

25. The defective design of the Kenashii Nose Wax Kit directly and proximately caused Plaintiff's injuries.

26. As a result of the defective design, Plaintiff is entitled to damages under the New Jersey Product Liability Act (N.J.S.A. 2A:58C-1 et seq.).

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally, and in the alternative, for compensatory and consequential damages, interest, attorney's fees, costs of suit, and such further relief as the Court deems just and proper.

11-1-2024                                          4A230131RY70001                                          6020241101011282

## SECOND COUNT – STRICT PRODUCT LIABILITY

## (MANUFACTURING DEFECT)

27. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

28. The Kenashii Nose Wax Kit was defectively manufactured, as the product deviated from its intended design during the manufacturing process, rendering it unreasonably dangerous.

29. The defect in the manufacturing of the Kenashii Nose Wax Kit directly and proximately caused Plaintiff's injuries.

30. As a result of the manufacturing defect, Plaintiff is entitled to damages under the New Jersey Product Liability Act (N.J.S.A. 2A:58C-1 et seq.).

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally, and in the alternative, for compensatory and consequential damages, interest, attorney's fees, costs of suit, and such further relief as the Court deems just and proper.

## THIRD COUNT – STRICT PRODUCT LIABILITY (FAILURE TO WARN)

31. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

32. Defendants failed to provide adequate warnings or instructions regarding the potential dangers of using the Kenashii Nose Wax Kit, specifically the risk of the container exploding when heating the wax.

33. Defendants knew or should have known that the failure to warn of these risks made the product unreasonably dangerous and likely to cause harm.

34. The inadequate warnings and instructions provided by Defendants directly and proximately caused Plaintiff's injuries.

35. As a result of the failure to warn, Plaintiff is entitled to damages under the New Jersey Product Liability Act (N.J.S.A. 2A:58C-1 et seq.).

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally, and in the alternative, for compensatory and consequential damages, interest, attorney's fees, costs of suit, and such further relief as the Court deems just and proper.

## FOURTH COUNT – NEGLIGENCE

36. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

37. Defendants had a duty to design, manufacture, and market a product that was safe for its intended use.

38. Defendants breached this duty by negligently designing, manufacturing, and marketing the Kenashii Nose Wax Kit, which was unreasonably dangerous and caused harm to Plaintiff.

39. Defendants further breached their duty by failing to adequately warn of the dangers associated with the use of the product.

40. As a result of Defendants' negligence, Plaintiff sustained serious injuries and is entitled to damages.

8

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, and in the alternative, for compensatory and consequential damages, interest, attorney's fees, costs of suit, and such further relief as the Court deems just and proper.

## FIFTH COUNT – BREACH OF EXPRESS WARRANTY

41. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

42. Defendants expressly warranted that the Kenashii Nose Wax Kit was safe and fit for its intended use.

43. Plaintiff relied on these express warranties in purchasing and using the Kenashii Nose Wax Kit.

44. Defendants breached these express warranties by providing a product that was not safe or fit for its intended use, as evidenced by the explosion of the container.

45. As a result of Defendants' breach of express warranty, Plaintiff sustained serious injuries and is entitled to damages.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, and in the alternative, for compensatory and consequential damages, interest, attorney's fees, costs of suit, and such further relief as the Court deems just and proper.

## SIXTH COUNT – BREACH OF IMPLIED WARRANTY OF
## MERCHANTABILITY

46. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

47. Defendants impliedly warranted that the Kenashii Nose Wax Kit was of merchantable quality and safe for its intended use.

48. The Kenashii Nose Wax Kit was not of merchantable quality, nor was it safe for its intended use, as the product was defectively designed, manufactured, and lacked adequate warnings.

49. As a result of Defendants' breach of the implied warranty of merchantability, Plaintiff sustained serious injuries and is entitled to damages.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, and in the alternative, for compensatory and consequential damages, interest, attorney's fees, costs of suit, and such further relief as the Court deems just and proper.

## SEVENTH COUNT – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

50. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

51. Defendants knew or should have known that Plaintiff was purchasing the Kenashii Nose Wax Kit for the specific purpose of safely removing nose hair using heated wax.

52. Plaintiff relied on Defendants' skill and judgment to provide a product that was fit for this particular purpose.

53. The Kenashii Nose Wax Kit was not fit for this particular purpose, as it was defectively designed, manufactured, and lacked adequate warnings, resulting in the explosion of the container and subsequent injuries to Plaintiff.

54. As a result of Defendants' breach of the implied warranty of fitness for a particular purpose, Plaintiff sustained serious injuries and is entitled to damages.

11-1-2024                    4A230131RY70001                    6020241101011282

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, and in the alternative, for compensatory and consequential damages, interest, attorney's fees, costs of suit, and such further relief as the Court deems just and proper.

## EIGHTH COUNT – VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT (N.J.S.A. 56:8-1 ET SEQ.)

55. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

56. Defendants engaged in unconscionable commercial practices, deception, fraud, false pretenses, false promises, misrepresentations, and the knowing concealment, suppression, or omission of material facts with the intent that Plaintiff rely upon such acts in connection with the sale of the Kenashii Nose Wax Kit.

57. Specifically, Defendants misrepresented the safety of the Kenashii Nose Wax Kit and failed to disclose the potential risks of using the product, including the risk of the container exploding when heating the wax.

58. As a direct and proximate result of Defendants' violations of the New Jersey Consumer Fraud Act, Plaintiff sustained serious injuries, suffered ascertainable losses, and is entitled to damages, including treble damages, attorneys' fees, and costs.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, and in the alternative, for compensatory and consequential damages, Treble damages under the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.), interest, attorney's fees, costs of suit, Punitive damages; Attorneys' fees and costs of suit; Prejudgment and post-judgment interest; Such other and further relief as the Court may deem just and equitable.

11

## NINTH COUNT – PUNITIVE DAMAGES

59. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

60. Defendants acted with reckless disregard for the safety of consumers, including Plaintiff, by designing, manufacturing, marketing, and selling a product that was defectively designed, defectively manufactured, and lacked adequate warnings.

61. Defendants' conduct was wanton, willful, and showed a complete disregard for the health, safety, and rights of others, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally, and in the alternative, for compensatory and consequential damages, interest, attorney's fees, costs of suit, and such further relief as the Court deems just and proper.`

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## CERTIFICATION

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not now the subject of any other action pending in any court or of a pending arbitration proceeding to the best of our knowledge and belief.

Also, to the best of the undersigned attorney's belief, no other action or arbitration proceeding is contemplated.

Further, other than the parties set forth in this pleading, the undersigned attorney knows of no other parties that should be joined in the within action.

12